**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Melissa Ann SHIMONVICH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 2004.

Filed Sept. 1, 2004.

Victoria H. Vidt, Pittsburgh, for appellant.

Sandra Preuhs, Dist. Atty., Pittsburgh, for the Com., appellee.

Before: BENDER, CAVANAUGH * and JOHNSON, JJ.

BENDER, J.

¶ 1 Melissa Ann Shimonvich (Appellant) appeals from an order entered October 20,

* Judge Cavanaugh did not participate in this decision.

2003, that revoked Appellant's parole and recommitted her to serve the balance of her sentence originally imposed following her guilty plea to one count of forgery, 18 Pa.C.S. § 4101(a)(3), and one count of criminal conspiracy, 18 Pa.C.S. § 903(a)(1). For the reasons that follow, we affirm.

¶ 2 On September 26, 2000, Appellant pled guilty to the above-enumerated offenses that arose from an incident in which she and another individual attempted to pass a counterfeit $100 bill. Appellant waived the preparation of a pre-sentence report, and was sentenced to a term of imprisonment of 6 to 23 months with alternate housing permitted at ACTA/Female Offenders Program, to be followed by a consecutive 2 year term of probation. Although Appellant's earliest release date was March 26, 2001, she was granted parole on March 9, 2001. However, on March 17, 2003, Appellant was convicted of three separate drug offenses that occurred in August and September of 2002, for which she received three concurrent one to two year sentences at the State Correctional Institution at Muncy.

¶ 3 A violation of parole hearing was held on October 20, 2003, and resulted in the revocation of Appellant's parole and her recommitment to serve the balance of her maximum sentence, which totaled 1 year, 5 months, and 17 days, again with permission for the alternate housing. The 2 year probation was continued.

¶ 4 On October 30, 2003, Appellant's trial counsel filed a petition to reconsider sentence,[1] which was followed on November 12, 2003, by a notice of appeal filed by Appellant's newly appointed appellate counsel. At the same time, Appellant's new counsel requested the transcripts from both the parole violation hearing and from the guilty plea and sentencing proceedings. Then, pursuant to Pa.R.A.P. 1925(b), the court issued an order dated November 26, 2003, directing Appellant to file a concise statement of matters complained of on appeal by December 9, 2003. Having failed to receive either requested transcript as of December 8, 2003, the day before the concise statement was due, Appellant's counsel petitioned the court for an extension of time to file the statement.[2] The trial court failed to respond to Appellant's petition. Rather, on January 22, 2004, the court issued its opinion, concluding that due to the failure to file a Pa. R.A.P.1925(b) statement, Appellant's issues were all waived. Trial Court Opinion (T.C.O.), 1/22/04. The court noted that "[t]he transcript requested was certified and delivered ... on January 5, 2004." *Id.*

¶ 5 After receipt of the trial court's opinion on January 26, 2004, Appellant's new counsel filed a request on January 27, 2004, asking that the trial court rescind its opinion, explaining that although the transcript of the guilty plea proceeding had been received, the transcript for the parole revocation hearing was still outstanding. Appellant's counsel also related her conversation with a court reporter, indicating that the transcript for the revocation hearing was due to be completed shortly. Again, the court took no action. Then, on January 28, 2004, the second transcript was received and counsel immediately filed a concise statement of matters complained of on appeal, which included a second request to rescind the court's opinion. Once again, no response to the request to re-

---

1. Our review of the certified record does not contain any response from the trial court to Appellant's petition to reconsider sentence.

2. Specifically, Appellant's new counsel requested that the court order the concise statement to be filed within 21 days after receipt of the requested transcripts.

scind the opinion was issued by the trial court. Thereafter, Appellant's counsel petitioned this Court to remand the matter so that the trial court could address the merits of Appellant's issues. That petition was denied by order dated May 14, 2004, with the proviso that Appellant could address the remand issue, *i.e.*, the waiver of Appellant's issues, in her appellate brief.

¶ 6 Appellant's first argument concerns the trial court's finding of waiver. Appellant's issue is stated as follows:

1. Did the trial court commit an error of law when it prematurely filed an opinion in this case without first permitting appellate counsel to receive all necessary transcripts of the proceedings below and file a rule 1925 concise statement of matters complained of on appeal? Concurrently, did the court err in failing to rescind the premature opinion when requested to do so and address the issues raised in Appellant's concise statement?

Appellant's brief at 4.

¶ 7 Initially, we note that the Commonwealth agrees with Appellant's position that the substantive issues raised in her Rule 1925(b) statement should not be deemed waived. Appellant relies on *Commonwealth v. Anderson*, 441 Pa. 483, 272 A.2d 877 (1971), *Commonwealth v. Payson*, 723 A.2d 695 (Pa.Super.1999), and *Commonwealth v. Mueller*, 341 Pa.Super. 273, 491 A.2d 258 (1985), to support her argument that without both transcripts she could not properly determine what issues should be raised and should be included in the concise statement of matters complained of on appeal. *See also Commonwealth v. Moran*, 823 A.2d 923 (Pa.Super.2003) (allowing the addition of two issues since the 1925(b) statement was filed prior to the appellant's receipt of the transcripts of the sentencing and guilty plea proceedings). We agree with the parties and conclude that Appellant's counsel's efforts to preserve her client's rights were sufficient to preclude waiver of her issues. As pointed out by this Court in *Payson*, it is critically important that trial courts "allow all appellants a uniform and adequate period of time to review the notes of testimony, once they have been transcribed and distributed, prior to demanding a concise statement of matters complained of on appeal." *Id.* at 705. Moreover, we also agree with the parties that the issues raised can be addressed based on the record as it stands, making a remand for the preparation of a proper trial court opinion unnecessary.

¶ 8 We now turn to the two substantive issues raised by Appellant:

2. Did the trial court err when it sentenced [Appellant] to the remainder of her maximum term without first considering mitigating factors such as the time that she had spent on parole without incident and the fact that she had successfully completed drug and alcohol treatment?

3. Did the trial court err when it imposed an unreasonable and manifestly excessive sentence without placing any reasons for the sentence on the record as required by the sentencing code?

Appellant's brief at 4.

¶ 9 We recognize that Appellant characterizes this appeal as one involving the discretionary aspects of sentencing. Therefore, she includes a concise statement of the reasons relied on for allowance of appeal as to the discretionary aspects of her sentence as required by Pa.R.A.P. 2119(f). She also attempts to persuade this Court that she has raised a substantial question. Unfortunately, as pointed out by the Commonwealth, Appellant fails to

note the distinction between the revocation of probation and the revocation of parole. Here, Appellant was on parole at the time she committed additional criminal acts; thus, the revocation hearing was held to determine whether or not her parole should be revoked.

¶ 10 In *Commonwealth v. Mitchell,* 429 Pa.Super. 435, 632 A.2d 934 (1993), this Court set forth the following, which guides our analysis in the present case:

Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. *See Commonwealth v. Carter,* 336 Pa.Super. 275, 281 n. 2, 485 A.2d 802, 805 n. 2 (1984). Moreover, such a re-committal is just that—a recommittal and not a sentence. *Abraham v. Dept. of Corrections,* 150 Pa.Cmwlth. 81, 97, 615 A.2d 814, 822 (1992). Further, at a "Violation of Parole" hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail. . . ." *See Commonwealth v. Fair,* 345 Pa.Super. 61, 64, 497 A.2d 643, 645 (1985), *citing* 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and maximum. *Id.* at 61, 497 A.2d at 645. Therefore, an appellant contesting a revocation of parole need not comply with the provisions of Pa.R.A.P. 2119(f) by first articulating a substantial question

regarding the discretionary aspects of sentencing. . . . The sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement.

*Id.* at 936. *See also Commonwealth v. Ware,* 737 A.2d 251, 253 (Pa.Super.1999) (relying on *Mitchell* and reaffirming that "upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed").

¶ 11 There is no question that Appellant was convicted of three new criminal offenses. These convictions represent a violation of the conditions of Appellant's parole and alone are a sufficient basis upon which to revoke parole.[3] Although we recognize Appellant's efforts to change her life, premised on our review of the record, we are compelled to conclude that the trial court did not abuse its discretion by revoking Appellant's parole and recommitting her to serve the balance of her original sentence. Appellant's substantive issues concerning the court's failure to consider mitigating factors and to place reasons on the record for the sentence imposed cannot be addressed in the context of a review of a parole revocation, since as the *Mitchell* court held "there is no authority to give a new sentence. . . ." *Id.* at 936. Appellant was not re-sentenced; rather, she was recommitted solely to serve the remainder of

---

**3.** The *Mitchell* court, further explaining the purpose of a parole revocation hearing, stated:

In order to support a revocation of parole, the Commonwealth need only show, by a preponderance of the evidence, that a parolee violated his parole. *Commonwealth v. Smith,* 368 Pa.Super. 354, 358, 534 A.2d 120, 122 (1987), *appeal denied,* 518 Pa. 639, 542 A.2d 1368 (1988). In *Smith,* the court reasoned that "the primary purpose of a parole revocation hearing is not to determine whether the parolee has, in fact, been convicted of a crime, rather its purpose is to determine whether . . . parole remains a viable means of rehabilitation and deterring future antisocial conduct." *Id.* at 358, 534 A.2d at 122, *citing Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973), and *Commonwealth v. Parker,* 244 Pa.Super. 113, 366 A.2d 941 (1976). *Id.* at 936–37.

her original sentence and may at some point again be granted parole.

¶ 12 Order affirmed.