J-S60019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BLAIR RUCKER | |
| Appellant | No. 3401 EDA 2015 |

Appeal from the Judgment of Sentence October 21, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006507-2013
CP-23-CR-0004508-2014

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                     **FILED OCTOBER 03, 2016**

Blair Rucker appeals from the judgment of sentence imposed October 21, 2015, in the Delaware County Court of Common Pleas.  The trial court revoked Rucker's parole on charges of retail theft in two separate cases, and sentenced him to serve back time.  Contemporaneous with this appeal, Rucker's counsel seeks to withdraw from representation and has filed an **Anders** brief,[1] which identifies a challenge to the appropriateness of his sentence.  For the reasons below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

The relevant facts and procedural history underlying this appeal are as follows. At each docket, Rucker entered a negotiated guilty plea to one count of retail theft, graded as a misdemeanor of the second degree. At Docket No. 6507-2013, he was sentenced, on October 31, 2013, to a term of one month to 23 months' imprisonment. He later violated the terms of his parole and, following a *Gagnon* II[2] hearing on December 17, 2014, was sentenced to full back time of 657 days, but, granted immediate parole upon his completion of a county prison program. At Docket No. 4508-2014, Rucker was sentenced, on October 23, 2014, to time served to 23 months' imprisonment.

Subsequently, Rucker violated the terms of his parole in both cases, and proceeded to a *Gagnon* II hearing on October 21, 2015. At the hearing, he stipulated to the violations, and the trial court sentenced him to full back time, with release only after he served the maximum date: (1) 524 days at Docket No. 6507-2013, and (2) 583 days at Docket No. 4508-2014. The court directed the sentences run concurrently to one another. This timely appeal followed.[3]

_____

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] On December 10, 2015, the trial court ordered Rucker to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting and being granted an extension of time, on February 11, 2016, Rucker's counsel filed a statement of his intent to file an *Anders*/*McClendon* brief pursuant to subsection (c)(4). *See* Pa.R.A.P. 1925(c)(4).

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Specifically, counsel requested permission to withdraw based upon his determination that the appeal is "wholly frivolous,"[4] filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Rucker and advised Rucker of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, our review of the record reveals no correspondence from Rucker supplementing the **Anders** brief. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The only issue identified in counsel's **Anders** brief challenges the appropriateness of his sentence. He asserts the offense he was arrested for, and which constituted a violation of his parole, was a misdemeanor of the third degree, which carried a maximum sentence of one year imprisonment.

---

[4] **See** Application to Withdraw Appearance, 5/13/2016, at ¶ 3.

***See*** Anders Brief at 6. Further, he claims he is "severely mentally ill and was so at the time of his offenses," and this was a factor the court should have taken into consideration at sentencing. ***Id.***

Our review of a parole revocation hearing and concomitant sentence is well-established:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. ***Commonwealth v. Mitchell***, 429 Pa.Super. 435, 632 A.2d 934, 936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. ***Id.*** Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. ***Id.*** …
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. ***Mitchell***, 632 A.2d at 936, 937. …
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. ***Mitchell***, 632 A.2d at 936. **Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. *Id.***
>
> As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. ***Galletta***, 864 A.2d at 539. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. ***Id.*** Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. ***Commonwealth v. Shimonvich***, 858 A.2d 132, 135 (Pa. Super. 2004). Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. ***Id.***

*Commonwealth v. Kalichak*, 943 A.2d 285, 290–291 (Pa. Super. 2008) (emphasis supplied).

First, we note the grading of the offense which precipitated the revocation of Rucker's parole sentences is irrelevant. As the *Kalichak* Court explained, "the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." *Id.* at 290. Likewise, Rucker's claim that the trial court failed to consider his mental health issues before ordering him to serve his full back time invokes a challenge to the discretionary aspects of sentencing, an issue that is not appropriate in an appeal from a parole revocation sentence. *See id.* at 291. Accordingly, we conclude Rucker has failed to present any viable claim for our review.

Because we agree with counsel's assessment that this appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2016