J-S46042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL NEIL WEINER, | : | |
| | : | |
| Appellant. | : | No. 547 EDA 2018 |

Appeal from the Judgment of Sentence, January 18, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009257-2015.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED OCTOBER 17, 2018**

Daniel Neil Weiner appealed from the judgment of sentence imposed after he was found in technical violation of his probation.  The trial court revoked Weiner's probation, and resentenced him to 3 to 23 months of incarceration with immediate parole plus three years of reporting probation.  Because the record does not support the trial court's conclusion that Weiner willfully violated probation, we vacate Weiner's judgment of sentence and reinstate the original order of probation.

In his underlying criminal case, Weiner pleaded guilty to retail theft and was sentenced to 3 to 23 months of incarceration with immediate parole plus three years of reporting probation.  Weiner was released from custody on July 22, 2017 after serving three months.  The Philadelphia Adult Probation and Parole Department ("APPD") filed *Gagnon I* and *Gagnon II* summaries. They

allege that Weiner never reported to the APPD after he was released from custody. They also alleged that APPD mailed a contact notice to Weiner on September 15, 2017, and then mailed an arrest warrant on October 20, 2017.

On January 18, 2018, the trial court held a probation violation hearing. Neither Weiner's probation officer, nor anyone else from the APPD was present to testify. Weiner claimed he did not receive either the contact notice or the arrest warrant. Weiner further explained that he contacted APPD upon his release and that the person with whom he spoke told him "[they did not] have anything" regarding his case, that his file would be forwarded to someone else, and that "they [would] get back to [him]." N.T., 1/18/18, at 18. The Commonwealth did not rebut this evidence. Additionally, the trial court acknowledged that the wrong ZIP code for Weiner's address was listed on the run sheet which "might explain why [Weiner] didn't get [APPD's notices]." *Id*. at 22. Nonetheless, the trial court found Weiner violated his probation for failing to appear at APPD. The court revoked his probation and imposed his original sentence of incarceration. Weiner appealed.

Weiner presents the following issue on appeal:

1. The evidence introduced at the probation revocation hearing was insufficient as a matter of law to establish a technical violation of probation.

Weiner's Brief at 4.[1]

_____

[1] Weiner raised two additional issues in his brief concerning the new sentence of incarceration and the discretionary aspects of sentencing. However,

When reviewing a trial court's conclusion to revoke probation, this court will not disturb that decision absent an abuse of discretion. *Commonwealth v. MacGreggor*, 912 A.2d 315, 317 (Pa. Super. 2006). "Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and, if properly raised, the discretionary aspects of the appellant's sentence." *Commonwealth v. Kuykendall*, 2 A.3d 559 (Pa. Super. 2010).

Here, Weiner claims the evidence was insufficient to prove a violation of his probation. The Commonwealth bears the burden of proving a probation violation by a preponderance of the evidence. *Commonwealth v. Shimonvich*, 858 A.2d 132, 134 (Pa. Super. 2004). We outlined the pertinent legal precepts in *Commonwealth v. Perreault*, 930 A.2d 553 (Pa. Super. 2007). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct." *Id*. 558.

Finding Weiner in technical violation of his probation, the trial court reasoned:

---

because the evidence was insufficient to support a technical violation of probation, we need not address these remaining claims.

That as part of [Weiner's] probation, it is required that he report to his probation officer. [Weiner] never physically appeared at the probation department to ascertain who his assigned probation officer was or to gain clarity of his alleged confusion regarding his reporting status. The probation department issued warrant cards because [Weiner] never reported thus, prompting this probation revocation hearing. There were approximately three (3) months between the date that the probation department issued a contact notice and the date that the probation department issued wanted cards due to [Weiner] absconding. Nowhere on the record does it indicate that [Weiner] reported during those times. Additionally, [Weiner] contends that he was unsure of where he was required to report for probation and this [c]ourt questions [Weiner's] credibility of the statements he made during the proceeding.

Due to [Weiner] absconding and never starting his probation, the new sentence was needed to vindicate the authority of the court because [Weiner] never finished the remainder of his sentence following his release from Montgomery County custody. As a result, Weiner was resentenced following the probation revocation hearing to the same sentence that [he] was initially given.

Trial Court Opinion, 4/18/18, at 4-5.

On appeal, the Commonwealth does not agree with the trial court's aforementioned analysis, but rather, agrees with Weiner's contention that the evidence was insufficient as a matter of law to establish a technical violation of probation.

Although a technical violation of probation can support revocation, absent evidence of "willful disobedience," the violation is insufficient to support revoking probation. **Commonwealth v. Del Conte**, 419 A.2d 780, 782 (Pa. Super. 1980). Additionally, "a probation violation is established

whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." **Commonwealth v. Ortega**, 995 A.2d 879, 886 (Pa. Super. 2010).

The record does not reflect any evidence that Weiner's violation of probation was willful. The record, at most, suggests that a misunderstanding on Weiner's behalf, miscommunication, and clerical errors led to Weiner's failure to report to APPD. Although the trial court discredited Weiner's testimony, his description of the phone calls and his explanation as to why he did not report to APPD remained unrebutted by the Commonwealth. Additionally, the only verifiable contacts between Weiner and APPD were the **Gagnon** summaries and the arrest warrant, both of which were mailed, and both listed an erroneous address for Weiner, which the trial court acknowledged.

Finally, the Commonwealth did not meet the second prong of the test to warrant revocation of probation, namely that probation has proven an ineffective rehabilitation tool incapable of deterring the probationer from antisocial conduct. The Commonwealth presented no evidence that indicated Weiner's probation had ceased to serve its original purpose of attempting to rehabilitate Weiner outside of prison. The trial court never discussed this factor before revoking Weiner's probation. As such, we find that the trial court abused its discretion in finding a probation violation meriting revocation of probation and the subsequent imposition of incarceration.

In sum, because the Commonwealth concedes that evidence of a willful probation violation was lacking and that no evidence was presented, which demonstrated probation had proven ineffective, and both of these conclusions are supported by our review of the record, we reverse the trial court's order finding a probation violation, vacate Weiner's judgment of sentence, and reinstate the original probation order.

Judgment of sentence vacated. Order of probation reinstated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/18