J-S60011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
            v.                       :
                                   :
                                   :
DERRICK L. MCLAURIN           :
                                   :
           Appellant         :   No. 110 MDA 2018

Appeal from the Judgment of Sentence Entered December 12, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006745-2014

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:          **FILED OCTOBER 18, 2018**

Appellant, Derrick L. McLaurin, appeals from the judgment of sentence entered on December 12, 2017, following the revocation of his parole and probation. We affirm.

The trial court summarized the factual and procedural history as follows:

> Appellant pled guilty on February 8, 2016 at docket 6745-CR-2014 to Count 1-unauthorized use of motor vehicle[1] and Count 2-receiving stolen property.[2] Appellant was sentenced to pay the costs, fines and sentenced to a period of incarceration of not less than twenty eight (28) days nor more than eighteen (18) months. Appellant was given time credit of 28 days and ordered to pay restitution. Appellant's supervision was transferred to Delaware.
>
>    [1] 18 Pa.C.S.A. § 3928(a).
>
>    [2] 18 Pa.C.S.A. § 3925(a).
>
> On September 26, 2017, Dauphin County Probation filed a Revocation Hearing Request form [sic] and a revocation hearing was held on December 12, 2017.[3] At this hearing, the Appellant

_____
\*   Retired Senior Judge assigned to the Superior Court.

did not contest the violations. Transcript of Proceedings, Revocation Hearing, December 12, 2017, page 2 (hereinafter "N.T. at ___"). Probation Officer Tabitha Spangler testified that Appellant has not made a single payment towards fines, costs, and restitution (owed to a personal individual). N.T. at 4. The probation officer also testified that a capias was issued in September of 2016 and the Appellant did not make any contact nor did the Appellant report until he was picked up in September, 2017. N.T. at 6. Following the revocation hearing, Appellant['s parole] was revoked at Count 1 and [he was recommitted] to back time of fourteen (14) months and two (2) days of incarceration to be made immediately eligible for work release. N.T. at 6.[1] Additionally, if Appellant could pay off a large portion of fines, costs, and restitution, he would be eligible for parole. N.T. at 6-7.

> 3 Dauphin County Adult Probation attached a notice of alleged violations. Appellant was represented by the Dauphin County Public Defender's Office. These violations include failure to report, failure to make regular payments on fees, fines, costs and restitution, and failure to get prior approval before changing address. We further note that a bench warrant had been issued in September, 2016.

Appellant filed a Petition to Modify Sentence on December 21, 2017 and a rule was entered on the Commonwealth. Prior to the Commonwealth's response, Appellant filed a Notice of Appeal to the Pennsylvania Superior Court on January 11, 2018. On January 24, 2018, this [c]ourt entered an order indicating that we lacked jurisdiction due to the subsequent appeal being filed. This [c]ourt issued a 1925(b) Order on January 12, 2018. After receiving no concise statement of matters complained of on appeal nor an extension of time to file a concise statement, this [c]ourt entered a statement in lieu of memorandum opinion on March 5, 2018. On March 22, 2018, the Pennsylvania Superior Court remanded the matter back down and ordered that a concise statement be filed within ten (10) days. On March 30, 2018,

---

[1] At count 2, the court revoked Appellant's probation and resentenced him "to another period of 6 months' probation running concurrently with [c]ount 1." N.T., 12/12/17, at 6.

Appellant filed a Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) . . . .

Trial Court Opinion, 4/4/18, at 1–3.

Appellant raises the following issue on appeal:

1. Was not the imposition of a [parole] violation sentence of fourteen months and 2 days back-time, concurrent to a six month probation period for violating parole, clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs where the revocation conduct solely involved technical violations of parole/probation that occurred after [Appellant's] release on parole[?]

Appellant's Brief at 4 (full capitalization omitted).

Appellant did not contest the parole violations at the parole-revocation hearing held on December 12, 2017. N.T., 12/12/17, at 2. He contends on appeal that the sentence imposed was excessive and constituted an abuse of discretion. Appellant's Brief at 17–18. Appellant avers that the violations he committed "do not rise to the level of incarceration." *Id*. at 17.

Our review of a parole-revocation hearing and concomitant sentence is well established:

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. ***Commonwealth v. Mitchell***, 429 Pa. Super. 435, 632 A.2d 934, 936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id*. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. *Id*. . . .

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a

viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937. . . .

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Mitchell*, 632 A.2d at 936. **Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence**. *Id*.

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. [*Commonwealth v.*] *Galletta*, 864 A.2d [532,] 539 [(Pa. Super. 2004)]. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. *Id*. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for [the] sentence on the record. *Commonwealth v. Shimonvich*, 858 A.2d 132, 135 (Pa. Super. 2004). Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. *Id*.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290–291 (Pa. Super. 2008) (emphasis added).

As the *Kalichak* Court explained, "[T]he only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." *Kalichak*, 943 A.2d at 290. Here, Appellant's claim that his sentence was harsh and excessive invokes a challenge to the discretionary aspects of sentencing, an issue that is not appropriate in an appeal from a parole revocation sentence. *Id*. at 291. Accordingly, we conclude Appellant has failed to present any viable claim for our review.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/18/2018</u>