J. S02003/19
J. S02004/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMAS J. KOLLIAS, | : | No. 2555 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 1, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004967-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMAS KOLLIAS, | : | No. 2606 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 1, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0003814-2016

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 17, 2019**

In these related appeals, Thomas Kollias appeals from the August 1,

2018 judgments of sentence imposed following the revocation of his parole

and probation.[1]  Contemporaneously with this appeal, counsel has filed

petitions to withdraw and briefs in accordance with ***Anders v. California***, 386

U.S. 738 (1967) and its progeny.  After careful review, we grant counsel's

petitions to withdraw and affirm the judgments of sentence.

The trial court summarized the relevant facts and procedural history of

this case as follows:

> [Appellant] entered negotiated guilty pleas in [CP-23-CR-3814-2016 and CP-23-CR-4967-2016] on August 22, 2016.  In Case Number 3814-2016[, appellant] pled guilty to retail theft and was sentenced to time-served to twenty-three months of incarceration.  In Case Number 4967-2016[, appellant] pled guilty to driving under the influence, a "Tier three," second offense.  [Appellant] was sentenced in that case to six to twenty-three months of incarceration and a consecutive term of three years of probation.  The sentences imposed in each case were to be served concurrently.

---

[1] Specifically, at CP-23-CR-4967-2016, the trial court revoked appellant's parole on retail theft, 18 Pa.C.S.A. § 3929(a)(1), and resentenced him to his full back time of 604 days' imprisonment.  At CP-23-CR-3814-2016, the trial court revoked appellant's parole on one count of driving under the influence ("DUI"), 75 Pa.C.S.A. § 3802(d)(2), and resentenced him to his full back time of 528 days' imprisonment and a consecutive three years of probation, concurrent to his sentence imposed at CP-23-CR-4967-2016.

[On April 19, 2018, appellant was arrested on a new matter and following the issuance of a bench warrant, a *Gagnon I* hearing[2] was held on May 3, 2018.]

At a *Gagnon II* hearing on August 1, 2018 [appellant] stipulated to notice of the hearing and to the violations alleged. The Court found [appellant] to be in violation of his probation and parole and sentenced him to full back[ ]time (528 days) and a consecutive term of three years of probation (Case Number 4967-2016) and full back[ ]time (604 days) (Case Number 3814-2016). These sentences are to be served concurrently.

Trial court opinion, 10/2/18 at 1-2 (citation to notes of testimony omitted; footnotes added).

Appellant neither objected to the sentences imposed during the *Gagnon II* hearing nor filed any motions challenging the trial court's decision. On August 29, 2018, appellant filed timely notices of appeal in each matter at Docket Nos. 2555 EDA 2018 and 2606 EDA 2018. The following day, the trial court directed appellant to file a concise statement of errors complained of on

---

[2] In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Unites States Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

[A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [*Gagnon I*] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [*Gagnon II*] prior to the making of a final revocation decision.

*Id.* at 781-782.

appeal, in accordance with Pa.R.A.P. 1925(b).  In lieu of a Rule 1925(b) statement, counsel[3] filed a statement of his intention to file *Anders* briefs, in accordance with Rule 1925(c)(4).  On October 2, 2018, the trial court filed its Rule 1925(a) opinion.  Thereafter, on November 19, 2018, appellant's counsel filed petitions and briefs to withdraw from representation.  Appellant filed a three-page, handwritten response to counsel's petitions to withdraw on December 12, 2018, wherein he argues that "the serving of the sentence of incarceration is illegal" because he suffers from a mental illness.  ("*Pro se* response to *Anders* brief," 12/12/18 at 1-2.)

In both appeals, counsel raises the identical issue on appellant's behalf:

> Was the [trial] court's finding that [appellant] violated his probation and parole and imposition of the sentence of incarceration unreasonable because he suffers from a mental illness?

*Anders* briefs at 5.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."  *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted).  In order to withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)."  *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel

---

[3] At all relevant times, appellant was represented by J. Anthony Foltz, Esq.

citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the *Anders* brief to his client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Id.* "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."

*Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007)

(*en banc*) (citation and internal quotation marks omitted).

Instantly, we conclude that counsel has satisfied the technical requirements of *Anders* and *Santiago*. Counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel has also raised identical claims that could arguably support an appeal, but ultimately concludes each appeal is wholly frivolous. Counsel has also attached to each of his petitions a letter to appellant, which meets the notice requirements of *Millisock*. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

The crux of appellant's claim is that his sentence of full back time on his DUI and retail theft convictions following the revocation of his parole was illegal because he suffers from mental illness. (*Anders* briefs at 10-12; *see also* "*Pro se* response to *Anders* brief," 12/12/18 at 1-2.) This claim fails.

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of

> rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.
>
> **Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.**
>
> As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-291 (Pa.Super. 2008)

(citations omitted; emphasis added).

Instantly, the record reflects that appellant pled guilty to retail theft and DUI on August 22, 2016, and was sentenced to concurrent terms of time-served to 23 months and 6 to 23 months' imprisonment, to be followed by a consecutive term of 3 years' probation, respectively. Following technical violations of his parole and subsequent arrest on new charges on April 19,

2018, appellant proceeded to a *Gagnon II* hearing on August 1, 2018, and his counsel stipulated on his behalf to the alleged violations. (Notes of testimony, 8/1/18 at 3.) The trial court concurred with the recommendation of Adult Probation and Parole that continuing appellant's parole was not a viable means of rehabilitating him and deterring future antisocial conduct, and that recommitment was in order. (*Id.* at 7-8.) Our review of the hearing transcript further reveals that appellant acknowledged his understanding of his appellate rights on the record and did not indicate in any way that he was mentally incompetent to understand the proceedings. (*Id.* at 8.) As noted, the trial court resentenced appellant to his full back time of 604 days' imprisonment at CP-23-CR-4967-2016, and full back time of 528 days' imprisonment and a consecutive 3 years' probation at CP-23-CR-3814-2016, concurrent to his sentence imposed at CP-23-CR-4967-2016.

Appellant's stipulation to parole violations, coupled with his new convictions, were sufficient grounds for the trial court to revoke parole and recommit him. *See*, *e.g.*, *Commonwealth v. Shimonvich*, 858 A.2d 132, 135 (Pa.Super. 2004) (holding that appellant's three new drug offenses provided a sufficient basis for the trial court to revoke her parole from sentences for forgery and conspiracy). In the case *sub judice*, the trial court did exactly that — recommit him. There is no indication that the trial court erred in doing so, and any claims to the contrary are wholly frivolous.

J. S02003/19
J. S02004/19

Based on the foregoing, and following our independent review of the record, we find this appeal to be wholly frivolous and discern no additional issues of arguable merit. Accordingly, we grant counsel's petitions to withdraw and affirm the August 1, 2018 judgments of sentence.

Judgments of sentence affirmed. Petitions to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/19

- 9 -