534 A.2d 120

**COMMONWEALTH of Pennsylvania**

v.

**Keith SMITH, a/k/a Keith Mungin, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1987.

Filed Dec. 3, 1987.

Irving W. Backman, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

TAMILIA, Judge:

This appeal stems from the revocation of appellant's parole and subsequent imposition of judgment of sentence of all remaining time on a sentence of time served to twenty-three months.

A review of the record reveals the following case history:

On June 10, 1983, appellant was sentenced to time served from January 28, 1983 to twenty-three months for a conviction of attempted theft by unlawful taking. His parole was due to expire on December 28, 1984. According to the probation/parole officer, the probation department placed "wanted cards" on Mr. Smith on May 11, 1984 as he had failed to report to the probation department in almost three months and he did not reside at his given address and also, according to the police, there were four outstanding warrants.

Appellant was arrested on November 25, 1984 for an offense which occurred on February 17, 1984. According to the police reports, "This Defendant [Appellant] in concert with other males did at point of shotgun and handgun take all employees at Center Hotel hostage and then robbed them of their personal belongings and the hotel funds. The three victims were punched, pushed, threatened and tied and/or locked up." (Violation transcript at p. 4.) On November 26, 1986, a jury found him guilty of robbery (3 counts), criminal conspiracy, possession of an instrument of crime-generally, possession of an instrument of crime-weapon, and prohibited offensive weapons. Sentencing had not taken place at the time the revocation hearing was held. Following his parole revocation, appellant was sentenced to serve the balance of the back time on the original offense. This timely appeal followed.[1]

Appellant presents one issue for our review:

Has a violation of parole occurred when a parolee has been convicted of an offense and the parolee has filed a motion for new trial, but that motion has not yet been acted upon by the court?

Appellant's brief at "6". The sole case cited by appellant in support of his allegation, *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), is not applicable to the facts here. In *Linkletter,* appellant was attempting to apply the exclusionary rule of *Mapp v. Ohio*[2] to his case which had been *finally* decided prior to *Mapp.* "Final" as interpreted by the Supreme Court in *Linkletter* assumed the availability of appeal was exhausted and the time for certiorari had elapsed.

This interpretation of "finality" has no application to appellant's case. *Linkletter* concerns "finality" only in the situation of determining whether a case decision will be applied retroactively or prospectively; *Linkletter* has no application to cases of parole or probation violation.

1. The thirtieth day following sentencing fell on Saturday; this appeal, filed on day thirty-two, is, therefore, timely.

2. 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

■ This case scenario is controlled by the rules of county probation and parole which include, in general terms, requirements that probationers and parolees abide by the terms of all federal, state and county criminal statutes and city ordinances. Additionally, parolees are to refrain from possessing firearms or other deadly weapons. Appellant has patently failed to comply with these terms of his parole; moreover, he had technical violations of failing to report and not residing at his given address. These technical violations alone could have been cause for a parole revocation. *Commonwealth v. Rudy,* 304 Pa.Super. 64, 450 A.2d 102 (1982); *Commonwealth v. Mallon,* 267 Pa.Super. 163, 406 A.2d 569 (1979).

■ In *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973), the Pennsylvania Supreme Court found probation and parole revocation hearings could be held *prior* to the trial for the subsequent offense. As revocation may occur prior to trial, we cannot possibly find merit to appellant's argument that revocation proceedings should not occur until the appeal process is complete.[3]

Also contrary to appellant's position, this Court, in *Commonwealth v. Fleeger,* 292 Pa.Super. 310, 437 A.2d 60, 61 (1980), found "it is quite possible for a person to be *acquitted* of charges brought against him and yet have his probation revoked based upon the existence of those charges being brought against him. However ... factual evidence,

---

3. Also see, Pa.R.Crim.P. 1409, Violation of Probation or Parole: Hearing and Disposition which states in pertinent part:

Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

Additionally, the comment to the rule states:

*Comment:* The jury may not revoke probation or parole on arrest alone, but only upon finding of a violation thereof after a hearing, as provided in this Rule. However, the judge need not wait for disposition of new criminal charges to hold such hearing. See *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973).

in addition to the fact of the arrest, must be presented." (Citations omitted, emphasis added.) We agree with the *Fleeger* Court and find the same principles hold true for cases of parole violation and revocation. *See Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975).

In order to support a revocation of parole, the Commonwealth need only show, by a preponderance of the evidence, that a parolee violated his parole. *Commonwealth v. Gochenauer*, 331 Pa.Super. 187, 480 A.2d 307 (1984). Here, under the standard of beyond a reasonable doubt, appellant was convicted by a jury of three counts of robbery and related offenses.

The primary purpose of a parole revocation hearing is not to determine whether the parolee has, in fact, been convicted of a crime, rather its purpose is to determine whether, despite the new conviction, parole remains a viable means of rehabilitation and deterring future antisocial conduct. *See Kates, supra,* and *Commonwealth v. Parker,* 244 Pa.Super. 113, 366 A.2d 941 (1976). The totality of circumstances surrounding appellant's revocation indicate parole has not been a successful means of rehabilitating appellant. We find appellant's parole to have been properly revoked.

Judgment of sentence affirmed.