J-S75043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN C. CRAWFORD, | |
| Appellant | No. 1600 EDA 2014 |

Appeal from the Judgment of Sentence entered April 30, 2014,
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-CR-0003465-2011

BEFORE: ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED DECEMBER 08, 2014**

Sean Crawford ("Appellant") appeals from the judgment of sentence imposed after he violated the conditions of his parole. Appellant's appointed counsel seeks to withdraw, citing ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). We affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the pertinent facts and procedural history as follows:

> On August 29, 2011, [Appellant] was charged for an assault on his then girlfriend, Amanda Hayman ("Ms. Hayman"). [Appellant] pled guilty to Simple Assault before the Honorable Phyllis Streitel and was sentenced on November 1, 2011 to 6 to 23 months incarceration. [Appellant] filed a Motion for Parole on January 9, 2012. [Appellant was released on parole on February 22, 2012]. If [Appellant] had been in compliance with the conditions of his parole, it would have expired on July 22, 2013.

On July 21, 2012, Officer David Spigarelli of the West Goshen Police Department was dispatched to investigate the report of an assault. Upon arriving at the scene, a female assault victim, Ms. Hayman, stated to Officer Spigarelli that she was punched in the face by her fiancé, [Appellant]. Ms. Hayman was diagnosed with a broken nose. [Appellant] was taken into custody and charged for a second assault on Ms. Hayman [at Docket No. 2624-2013].

On July 22, 2012, pursuant to an application for a Bench Warrant and a Petition for Violation of Probation and Parole, a Bench Warrant was issued and a detainer was lodged by Chester County Adult Probation and Parole. The Petition alleged that [Appellant] had violated his parole by incurring new charges, failing to pay $1,384.00 in fines and costs, failing to submit to a drug and alcohol evaluation, failing to complete outpatient treatment, failing to complete the Domestic Violence Program, and having criminal contact with Ms. Hayman.

A jury trial on the 2013 case [at Docket No. 2624-2013] began on January 28, 2014. Ms. Hayman, two independent lay witnesses, and a medical expert testified. The jury returned a verdict of "Guilty" on the charge of Simple Assault. ... Thereafter, the sentencing proceeding [at Docket No. 2624-2013] and a hearing on the parole violation of the 2011 case were held [on April 21, 2014 and April 30, 2014]. [O]n April 30, 2014, [a] Violation of Parole Order was issued finding [Appellant in violation of the conditions of his parole] and [Appellant was sentenced] to the balance of the maximum term, 16 months and 18 days. [Appellant] was made eligible for parole after serving six months. This sentence was to run consecutive to the one to two year state sentence imposed on the 2013 case.

[Appellant] filed a Motion to Modify Sentence immediately after the sentencing proceeding. [Appellant] argued that the sentence imposed was excessive and should be reduced. [The trial court] denied his motion without a hearing on May 9, 2014. On May 29, 2014, [Appellant] filed his appeal to the sentence imposed on April 30, 2014 and our denial of his Post-Sentence Motion on May 9, 2014. [Both Appellant and the trial court have complied with Pa.R.A.P. 1925(b).]

Trial court opinion, 8/7/14, at 1-3 (footnotes omitted).

Appellant presents one issue for our review:

Did the [trial] court err when it considered [Appellant's] conviction in Case No. CP-15-CR-2624-2013 — which is currently on Appeal in case No. 1600 EDA 2014 — when deciding to revoke his parole and to recommit him for the balance of his maximum sentence.

*Anders* Brief at 4.

Preliminarily, we note that Appellant's counsel has filed a brief pursuant to *Anders* and its Pennsylvania counterpart, *McClendon*. *See Anders*, 386 U.S. 738; *McClendon*, 434 A.2d at 1187. Where an *Anders/McClendon* brief has been presented, our standard of review requires counsel seeking permission to withdraw pursuant to *Anders* to: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the *Anders* process." *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the *Anders* brief the reasons for

concluding that the appeal is frivolous. If these requirements are met, this Court may then review the record to determine whether we agree with counsel's assessment that the appeal is frivolous.

In the instant case, by letter dated September 23, 2014, Appellant's counsel notified Appellant of his intent to file an *Anders* brief and petition to withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. That same day, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Finally, Appellant's counsel has submitted an *Anders* brief to this Court, with a copy provided to Appellant. Accordingly, the technical requirements of *Anders* have been met. We will therefore conduct our own independent examination of the issues set forth in counsel's brief to determine if they are frivolous and whether counsel should be permitted to withdraw.

Appellant asserts that the trial court erred in revoking his probation and resentencing him to the balance of his maximum sentence. *Anders* Brief at 9-10. Specifically, Appellant argues that the trial court improperly considered his conviction at Docket No. 2524-2013, which is currently on appeal, when it revoked his parole and resentenced him to serve the balance of his maximum term.

"The primary concern of probation, as well as parole, is the rehabilitation and restoration of the individual to a useful life. It is a suspended sentence of incarceration served upon such lawful terms and conditions as imposed by the sentencing court." ***Commonwealth v.***

- 4 -

*Mullins*, 918 A.2d 82, 85 (Pa. 2007). "[T]he purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole." *Commonwealth v. Kalichak*, 943 A.2d 285, 290-291 (Pa. Super. 2008) (citations omitted). "Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in confinement." *Commonwealth v. Snavely*, 982 A.2d 1244, 1246 (Pa. Super. 2009) (citations omitted).

The trial court provided the following rationale for its revocation of Appellant's parole:

> Alarmingly, in this case, [Appellant's] criminal violation was his assault of the same victim he had assaulted in 2011. This time he broke her nose. It was also significant to the [trial court] that [Appellant] had failed to complete any of the conditions originally imposed at the time of the sentencing on the 2011 case. Any of those violations alone would have constituted the basis for finding [Appellant] had violated his parole. [T]he totality of the circumstances indicated [Appellant's] parole had not been a successful means of rehabilitation.

Trial Court Opinion, 8/7/14, at 4.

Upon independent review of the record, we find no error in the trial court's determination that Appellant violated the conditions of his parole. The November 11, 2011 sentencing order specifies that Appellant is to attend an anger management and domestic violence program. Trial Court Order, 11/11/11. At the parole revocation hearing, the Commonwealth presented testimony from Appellant's probation officer that following Appellant's release on parole on February 22, 2012, Appellant failed to complete drug and alcohol treatment, failed to complete a domestic violence program, in addition to incurring a new conviction for his second assault of Ms. Hayman. N.T., 4/21/14, at 5. Appellant was afforded opportunities for rehabilitation and domestic violence counseling, and his failure to comply with the trial court's mandates supports the trial court's decision to revoke Appellant's parole. We conclude that the court had sufficient grounds upon which to revoke Appellant's parole and recommit him to serve the remaining back time on his original simple assault charge.

We additionally find no merit to Appellant's assertion that the trial court could not consider his 2013 conviction in its decision to revoke his parole because Appellant has appealed that conviction. In ***Commonwealth v. Smith***, 534 A.2d 120 (Pa. Super. 1987), we explained "[the] Pennsylvania Supreme Court [has] found probation and parole revocation hearings could be held prior to the trial for the subsequent offense." ***Smith***, 534 A.2d at 121-122 *citing* ***Commonwealth v. Kates***, 305 A.2d 701 (Pa.

1973).  We reasoned that "[since] revocation may occur prior to trial, we cannot possibly find merit to [an] argument that revocation proceedings should not occur until the appeal process [for the subsequent offense] is complete." **Smith**, 534 A.2d at 122.  Accordingly, Appellant's claim fails.

Upon independent review of the record, we agree with counsel that this appeal is frivolous.  We therefore grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2014