J-S12040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRYHEEM DABNEY, | : | |
| | : | |
| Appellant | : | No.  1489 EDA 2015 |

Appeal from the PCRA Order May 29, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0002604-2008

BEFORE:    MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 30, 2016**

Bryheem Dabney (Appellant) appeals from the order entered on May 29, 2015, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm in part and vacate in part the PCRA order dismissing Appellant's petition, vacate Appellant's judgment of sentence, and remand for further proceedings.

On May 4, 2010, Appellant entered a negotiated guilty plea to one count of possession of a controlled substance with intent to deliver (PWID).  He was sentenced to time served to 23 months of imprisonment with immediate parole, followed by two years of probation.  On October 31, 2012, the Commonwealth filed a motion to proceed with a Daisey Kates hearing on the basis that Appellant had been arrested and charged with various

_____
*Retired Senior Judge assigned to the Superior Court.

drug-related offenses in July 2011.[1]  The court held the hearing on March 15, 2013.  The court found Appellant in violation of his parole and sentenced Appellant to serve the balance of his backtime, with the consecutive two years of probation to remain.[2]  Appellant did not file a post-sentence motion or a direct appeal.

On March 10, 2014, Appellant *pro se* timely filed his PCRA petition. Counsel was appointed and subsequently filed an amended PCRA petition with a memorandum of law in support thereof.  The Commonwealth then filed a motion to dismiss, and the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.  After Appellant filed a response to the Rule 907 notice, the PCRA court dismissed the petition.  This appeal followed.[3]

---

[1] ***See Commonwealth v. Kates***, 305 A.2d 701 (Pa. 1973). In ***Kates***, "the Pennsylvania Supreme Court found probation and parole revocation hearings could be held prior to the trial for the subsequent offense." ***Commonwealth v. Smith***, 534 A.2d 120, 121-22 (Pa. Super. 1987) (emphasis omitted).  It appears from a review of the record that a detainer was issued for Appellant on July 21, 2011, and that the violation hearing was continued multiple times prior and subsequent to the filing of the Commonwealth's motion, mostly because Appellant had open bills pending resolution.

[2] This sentence was to be served consecutively to a sentence imposed upon Appellant in a separate matter.

[3] Appellant filed his notice of appeal on May 19, 2015, prior to the entry of the PCRA court's final order deciding the PCRA petition, which occurred on May 29, 2015.  The record indicates that the PCRA court held a brief hearing on May 15, 2015, wherein Appellant's counsel discussed scheduling matters and requested that the PCRA petition be dismissed that day since he had

On appeal, Appellant presents the following issues for our consideration:

I.   Did the [PCRA] court err in denying [A]ppellant an evidentiary hearing on the issue of ineffectiveness of trial defense counsel in failing to appeal the judgment of sentence?

II.  Was the sentence imposed by the [violation] court at the [violation] hearing illegal because the [c]ourt did not order that [A]ppellant get credit for time served?

Appellant's Brief at 2.

"This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error." ***Commonwealth v. Brandon***, 51 A.3d 231, 233 (Pa. Super. 2012).

In his first issue, Appellant contends that the PCRA court improperly denied him an evidentiary hearing on the claim that his counsel was ineffective for failing to file a direct appeal. "A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact. A PCRA court's decision denying a

---

filed a response to the Rule 907 notice. N.T., 5/15/2015, at 3-4. The Commonwealth stated that it had no objection to the request, and the PCRA court stated, "We'll dismiss [Appellant's] PCRA today." *Id.* at 4-5. The docket also lists an entry for May 15, 2015, which contains a notation stating, "PCRA dismissed today." We observe that, pursuant to Pennsylvania Rule of Appellate Procedure 905(a)(5), "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Thus, we treat Appellant's notice of appeal as having been filed on May 29, 2015.

claim without a hearing may only be reversed upon a finding of an abuse of discretion." *Commonwealth v. Walker*, 36 A.3d 1, 17 (Pa. 2011) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted).

Herein, Appellant did not include his claim that his counsel was ineffective for failing to file a direct appeal in his amended petition. Thus, the claim is waived. *Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal."); *see also* Pa.R.Crim.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."). Because Appellant waived his underlying ineffectiveness claim, the PCRA court did not abuse its discretion in denying Appellant an evidentiary hearing on the claim.

In his second issue, Appellant contends that his sentence is illegal because the violation court did not order that Appellant receive credit for time served. "An attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived. Moreover, … a failure to give credit for time served presentencing may be addressed under the PCRA." **Commonwealth v. Davis**, 852 A.2d 392, 399-400 (Pa. Super. 2004) (citation omitted).

The Commonwealth states that Appellant was granted credit for time served at the hearing held on March 15, 2013. Nevertheless, the Commonwealth explains that the written sentencing order "fails to include any reference to the court's award of the credit for time-served," and, thus, concedes that "a remand is necessary to amend the written sentencing order to reflect … his entitlement to any applicable credit for time served." Commonwealth's Brief at 8-9. **See Commonwealth v. Heredia**, 97 A.3d 392, 395 n.5 (Pa. Super. 2014) ("[I]n Pennsylvania, the text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed."). In view of the Commonwealth's concession, we shall vacate Appellant's judgment of sentence and remand for the court to issue a sentencing order reflecting Appellant's entitlement to any applicable credit for time served.

Based on the foregoing, we affirm the PCRA order to the extent that it denied Appellant's claim that he was improperly denied a hearing on his

ineffectiveness claim. We vacate the PCRA order to the extent that it denied Appellant's claim regarding the award of credit for time served. Further, we vacate Appellant's judgment of sentence and remand for the sentencing court to issue a sentencing order reflecting Appellant's entitlement to any applicable credit for time served.

PCRA order affirmed in part and vacated in part. Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 3/30/2016