J-S25041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :               PENNSYLVANIA
                                          :
            v.                          :
                                          :
                                          :
JUSTIN W. KEARNS                    :
                                          :
            Appellant               :     No. 231 EDA 2021

Appeal from the Judgment of Sentence Entered December 18, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000068-2012

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED AUGUST 31, 2021**

Justin W. Kearns (Kearns) appeals from the judgment of sentence of 297 days of back time imposed by the Court of Common Pleas of Bucks County (trial court) after he violated his parole. He argues that the court erred in failing to give him credit for time served and in finding that he violated his parole. We vacate and remand for the limited purpose of allowing the court to apply the appropriate credit for time served. We affirm in all other respects.

**I.**

We take the following pertinent facts from our review of the certified record and the trial court's April 13, 2021 opinion. On August 7, 2012, Kearns entered a guilty plea to felony aggravated assault and conspiracy to commit

---

[*] Retired Senior Judge assigned to the Superior Court.

aggravated assault, and misdemeanor crimes of simple assault, recklessly endangering another person, disorderly conduct and harassment.[1] The trial court sentenced him to a term of not less than two nor more than four years' imprisonment, plus a consecutive term of four years' probation.

On January 24, 2020, the trial court held a violation of probation hearing. Kearns agreed to the probation violation. His probation was revoked and he was sentenced to serve a term of incarceration of not less than time served nor more than twelve months, with immediate parole. The court also ordered that he obtain mental health and drug and alcohol evaluations and that he comply with all treatment recommendations.

On August 6, 2020, Bucks County Adult Probation and Parole filed a *praecipe* for technical parole violation and requested a *Gagnon I*[2] hearing. The *praecipe* cited Kearns's failure to report as directed, refusal to sign his case plan, failure to comply with treatment conditions and to attend a treatment session, use of controlled substances, refusal to answer his probation officer's questions, his failure to supply treatment information, his rescission of his release for treatment information, his failure to supply his probation officer information regarding his daughter or employment and his

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 903, 2701(a)(1), 2705, 5503(a)(1) and 2709(a)(1), respectively.

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

recording of his probation officer without permission. (*See Gagnon I* Hearing Praecipe, 8/06/20, at 1). On September 15, 2020, Kearns was incarcerated pending a *Gagnon II* violation of parole (VOP) hearing, which occurred on December 18, 2020.

At the VOP hearing, the Commonwealth presented the testimony of Kearns's parole officer, Leslie Moore. P.O. Moore testified that Kearns was on state supervision at the time of the 2012 conviction in this matter. After probation was revoked for a violation and he was immediately paroled on January 24, 2020, he moved without permission. She testified that Kearns has not complied with mental health treatment, and she was unable to confirm the status of his drug and alcohol treatment because he improperly rescinded his release at the drug and alcohol treatment facility. Kearns recorded her on his cellphone without her permission and failed to answer routine questions, telling her the answers were none of her business. He failed to report and missed phone contacts. She recommended that Kearns be found in violation of his parole and incarcerated to serve the remaining 297 days of his sentence. (*See* N.T. Hearing, 12/18/20, at 2-5).

Kearns testified on his own behalf, denying that he had violated the terms of his parole, claiming that P.O. Moore was "out to get [him]." He stated that he was compliant with all treatment recommendations and that he had received a letter from his treatment providers that they had "closed the case." He did not provide the letter to the court. He also maintained that he attended

weekly treatment sessions, although he did not remember the exact dates and did not provide proof, stating that he could get it. (*Id.* at 6-8, 10-12).

The court found Kearns in violation of his parole and sentenced him to serve his 297 days of back time. Kearns filed a motion to reconsider sentence on December 23, 2020. He argued, in pertinent part, that the court erred in failing to give him credit for time served, the excessiveness of his sentence and the insufficiency of the evidence. On December 29, 2020, the court denied Kearns's motion without a hearing. He timely appealed. He and the trial court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

## II.

## A.

Kearns first maintains that the court erred in refusing to give him credit for time served where he was detained in this matter[3] from September 15, 2020, to December 18, 2020, where he was not given credit for the time in

---

[3] Kearns states that he also was incarcerated during this time on an open criminal matter. (*See* Kearns's Brief, at 12). Neither the Commonwealth nor the court mention that this pre-sentence incarceration was for any other case, although P.O. Moore mentioned that there are charges pending in another matter, which did not form the basis for the parole revocation. (*See* Trial Court Opinion, 4/13/21, at 4); (Commonwealth's Brief, at 6-7); (N.T. Hearing, at 2). However, this does not affect our disposition because, even if he also was incarcerated on another matter, he would still be entitled to credit for time served if it was not awarded elsewhere. *See Commonwealth v. Smith*, 853 A.2d 1020, 1026 (Pa. Super. 2004).

any other case.[4]  (*See* Kearns's Brief, at 9-12).  Both the trial court and the Commonwealth agree, with the Commonwealth requesting that we remand this matter for resentencing to allow the trial court to award the appropriate time credit.  (*See* Trial Ct. Op., at 4); (Commonwealth's Brief, at 4-7).

"It is well established that there is no constitutional right to credit for time served prior to trial or sentence."  *Com. v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009) (citation omitted).  "Statutes which afford pre-sentence confinement credit are founded upon the recognition that an indigent offender, unable to furnish bail, should serve no more and no less time in confinement than an otherwise identically situated offender who succeeds in furnishing bail."  *Id.* (citation omitted).  Credit for time served is governed by 42 Pa.C.S. § 9760, which provides, in pertinent part:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> * * *
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that

---

[4] "A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citation omitted).  Issues relating to the legality of a sentence are questions of law and our standard of review over such questions is *de novo* and the scope of review is plenary. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016).

occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760(1) and (4).

It is undisputed that Kearns spent time in custody prior to his VOP hearing and the imposition of his sentence, and that there is no indication that he was given credit for this time in any other matter. Hence, we agree that he is entitled to credit for any time he was incarcerated prior to his VOP hearing and sentencing. **See Johnson**, **supra** at 1003. Accordingly, we vacate and remand for the court to determine the exact amount of time served Kearns should be credited and to amend the judgment of sentence accordingly.

**B.**

Next, Kearns challenges the sufficiency of the evidence to support the revocation of his parole where the Commonwealth failed to establish that he was in violation since it did not "offer competent evidence that he violated specific conditions of his sentence and establish that parole is no longer a viable means of rehabilitation."[5] (Kearns's Brief, at 17; **see id.** at 9, 13-17).

---

[5] "Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (citations omitted). "An assertion that the trial court erroneously imposed an illegal
*(Footnote Continued Next Page)*

He posits that his "uncontradicted testimony regarding his desire for and participation in treatment indicates that parole remains a viable means of rehabilitation and deterring future antisocial conduct." (*Id.* at 17).

"[T]he purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order." **Kalichak**, **supra** at 290 (citation omitted). The Commonwealth must establish the parolee violated his parole by a preponderance of the evidence and, once it does so, the decision to revoke parole is in the trial court's discretion. **See id.** at 291. Technical violations such as failure to report or not living at a given address are alone sufficient to support the parole revocation. **See Commonwealth v. Smith**, 534 A.2d 120, 121 (Pa. Super. 1987), *appeal denied*, 542 A.2d 1368 (Pa. 1988).

In the instant case, the trial court explains that:

> In the case at bar, this court accepted the Commonwealth's version of the facts as a sufficient basis to find [Kearns] in violation of his parole. [He] demonstrated a complete disregard for the terms of his parole when he failed to comply with the simplest of conditions such as signing case plans or answering routine questions from his parole officer. He demonstrated a lack of interest in drug and alcohol treatment when he would not sign releases to allow his parole officer to confirm his attendance yet admitted to this court that he had a drug problem. Further,

sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Williams**, 980 A.2d 667, 672 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010).

[Kearns] already served time in a State Correctional Facility in this matter and it clearly did not act as a deterrent for future, disruptive behaviors. Therefore, in consideration of the numerous violations [Kearns] committed, the Court found that parole would not be able to rehabilitate [him] and recommitment to the Bucks County Correctional Facility was appropriate.

(Trial Ct. Op., at 4) (some capitalization omitted).

We discern no error or abuse of discretion. P.O. Moore testified to several parole violations by Kearns, including moving without permission, failing to comply with mental health treatment recommendations, rescinding his release at his drug and alcohol facility rendering her unable to confirm treatment, recording her without permission, failing to answer P.O. Moore's routine questions, absconding supervision, failing to report to the parole department and refusing to sign case plans. She recommended that parole be revoked. (*See* N.T. Hearing, at 2-5).

Based on the foregoing, we conclude that the trial court neither erred in finding that the above demonstrated that Kearns committed violations nor abused its discretion in revoking parole, particularly where the technical violations such as failure to report and moving without permission were alone sufficient to support the revocation. *See Smith*, *supra* at 121. Although Kearns argues that he "provided specific and concrete information regarding when and where he attended treatment," (Kearns's Brief, at 16), the record reflects that he did not provide any dates or evidence. (*See* N.T. Hearing, at 8, 11). Instead, his main contention appeared to be that P.O. Moore was "out to get [him]." (*Id.* at 7, 11). Further, although he maintains that the

Commonwealth failed to prove that treatment was recommended, his own testimony concedes that he has a drug problem for which he attended treatment. (*See id.* at 12). The only reason that P.O. Moore could not confirm the extent of the treatment is because he improperly rescinded his release that enabled her to obtain the information.

It was within the discretion of the court to resolve any conflicts in testimony, and it had the discretion to believe all, some or none of the testimony in making its credibility determination. We will not disturb its finding where it is supported by the record. *See Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011).

Accordingly, we conclude that the trial court properly revoked Kearns's parole due to his technical violations where it found it no longer remained a viable means of rehabilitating him. *See Kalichak*, *supra* at 290-91. His second issue lacks merit.

In summary, we vacate the judgment of sentence and remand for the limited purpose of allowing the court to award Kearns with the appropriate credit for time served. We affirm in all other respects.

Judgment of statement vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2021