J-S06012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW EARLY | : | |
| | : | |
| Appellant | : | No. 1122 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 5, 2021,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0000733-2010.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED MAY 23, 2022**

Matthew Early appeals from the judgment of sentence entered following revocation of his parole and probation. After careful review, we affirm in part and vacate in part.

On March 20, 2014, Early pled guilty to one count of retail theft.[1] The court sentenced Early to time served to 12 months' incarceration followed by a consecutive sentence of three years' probation.

While serving that sentence, Early violated his probation. On November 19, 2018, the court revoked his probation and resentenced him to time served to 12 months' incarceration plus a consecutive two-year period of probation. Subsequently, Early was paroled.

---

[1] We note that Early's plea and sentence arose out of an incident that occurred in 2010.

While serving the probationary term of his November 19, 2018, sentence, Early violated his probation again. On April 2, 2020, the court revoked his probation and resentenced him to time served (from 1/16/2020) to 12 months' incarceration. Early was paroled shortly thereafter.

A few months later, in August 2020, while still on parole for the April 2, 2020, sentence, Early was arrested in Philadelphia on multiple charges, including possession of a firearm prohibited, burglary, theft by unlawful taking, receiving stolen property, criminal trespass, conspiracy, firearms not to be carried without a license, corruption of minors, carrying firearms on public streets, and criminal mischief.[2] The trial court summarized the circumstances surrounding Early's arrest for these offenses as follows:

> [On August 7, 2020,] Officer Rajkowski was on patrol at approximately 4:51 a.m. when [he] saw two men suddenly run from a parked Chrysler Town and Country minivan as they spotted his police car. Officer Rajkowski caught and detained one of the men, [Early]. The [officer] also found [Early's] son, then fourteen years old, in the minivan. The van was full of movable property, including computer equipment, rifles and shotguns. Officer Rajkowski looked around and noticed damage to the front door of a doctor's office at the corner where the van was parked. The officer was able to walk inside the doctor's office, which supports an inference that the damage was such that it enabled entry to what one would expect (given that it was nighttime in densely populated area) to have been a locked building. [Early] was not in possession of a key to the building. The area immediately inside the doorway, which appeared to be the waiting room for the doctor's patients, was cluttered with movable property, and the rooms upstairs had been ransacked. Photographs taken later in the investigation showed computer equipment in the van and a

---

[2] Ultimately these criminal charges were withdrawn.

pump-action shotgun, a bolt-action rifle and three swords resting on the furniture in the waiting room.

Trial Court Opinion, 7/26/21, at 2-3 (citations omitted).

Based on these charges, the Montgomery County Adult Probation and Parole Office issued a notice of violation dated August 11, 2020. Multiple technical violations were listed also.

Following a hearing on May 5, 2021, the court found that Early violated his parole and probation. As a result, the court revoked his parole and probation, and imposed a new sentence of 10 to 24 months' incarceration in a state facility, to commence from his commitment date of August 11, 2020.

Early filed this timely appeal. Early and the court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Early challenges the court's revocation of his parole and probation and resulting sentence. For ease of disposition, we have restated and reordered his issues as follows:

I.    Whether the court erred in anticipatorily revoking his sentence of probation when Early was still on parole at the time of his alleged violations and had not yet begun serving his probationary term.

II.    Whether the evidence was insufficient to establish a parole violation since the Commonwealth failed to present evidence of the actual terms and conditions of Early's parole or the violation of a specific condition of his parole as required by *Commonwealth v. Koger*, 255 A.3d 1255 (Pa. Super. 2021), *appeal granted*, 2022 WL 1014268 (Pa. April 5, 2022), or evidence of a new crime.

III.    Whether the court erred in permitting the introduction of hearsay testimony to establish Early's permission to be on the property and ownership of the property thereby

> violating Early's right to due process and his right to confrontation.
>
> IV.    Whether the court erroneously revoked Early's parole and imposed an illegal sentence since the Commonwealth failed to establish a violation.

*See* Early's Brief at 5-7.

In the first issue, Early claims that the court erred finding that he violated his probation, revoking his probation, and imposing a new sentence. Specifically, Early argues that the court's anticipatory revocation of his probation was illegal since he was still on parole at the time of his alleged violation and had not begun serving his probationary term. In support of his position, Early relies on our recent decision in *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021) (*en banc*)[3]. Early's Brief at 25-26.

In its Rule 1925 opinion, the court implies that it did not revoke Early's probation, but only revoked his parole. The Commonwealth agrees. Trial Court Opinion, 7/26/21, at 1, 2, 4; Commonwealth's Brief at 7.

Our review of the record, however, reveals that the notice of violation was generic and referenced both parole and probation. At the hearing, the Commonwealth specifically argued that "the defendant's conduct at the very least violated his probation and parole." N.T., 5/5/21, at 31. The Commonwealth requested that Early "be essentially maxed out, based on his back time and remaining exposure for a sentence of ten to 24 months. . . ."

_____

[3] Our Supreme Court granted allowance of appeal in *Commonwealth v. Rosario*, 264 A.3d 358 (Pa. Super. 2021) to review issues decided by this Court in *Simmons*.

*Id.* at 35. Furthermore, the court specifically stated on the record that "I have found the defendant, after a full contested *Gagnon* Hearing, to be in violation of his probation and parole." *Id.* at 43. It then imposed a new sentence of incarceration.[4] Therefore, we will address this issue.[5]

When considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the

---

[4] We reiterate this Court's guidance in the *Simmons'* concurrence which elaborated on the differences between parole and probation and the separate statutory authority for each. Thus, when conducting a violation hearing, the court "must question whether the violation hearing is for an alleged violation of parole or violation of probation, as the court's possible sanctions are different." *Id.* at 533. Additionally, the record should clearly reflect the basis on which the court is proceeding.

[5] Although Early's notice of appeal and Rule 1925(b) statement, which was filed before *Simmons*, did not raise this issue, the issue of whether a sentence is illegal is not subject to waiver and may be raised by this Court, even if the appellant has not raised it. *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019); *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013). "The legality of a criminal sentence is non-waivable, and this Court may 'raise and review an illegal sentence *sua sponte*.'" *Pi Delta Psi, Inc.*, 211 A.3d at 889 (quoting *Commonwealth v. Muhammed*, 992 A.2d 897 (Pa. Super. 2010)). A sentence imposed for an invalid revocation of probation is an illegal sentence. *Simmons*, 262 A.3d at 515-16 n.3. Furthermore, "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision. This means that we adhere to the principle that, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *Commonwealth v. Chesney*, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted and formatting altered).

initial sentencing." ***Commonwealth v. Perreault****,* 930 A.2d 553, 557 (Pa. Super. 2007), *appeal denied,* 945 A.2d 169 (2008) (citation omitted); 42 Pa.C.S.A. § 9771(b). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Smith***, 669 A.2d 1008, 1011 (Pa. 1996).

In **Simmons**, an *en banc* panel of this Court overruled ***Commonwealth v. Wendowski***, 420 A.2d 628 (Pa. Super. 1980), which permitted a court to anticipatorily revoke an order of probation upon violation and resentence a defendant before the start of a probationary sentence. In reviewing the relevant statutes, the **Simmons** Court determined that when a trial court imposes an order of probation to run consecutive to a term of confinement, the defendant is "required to serve his entire term of total confinement before he beg[ins] to serve his probationary term." ***Id.*** at 523. Thus, the **Simmons** Court held, the conditions of an order of probation "cannot take effect until the term of imprisonment ends." ***Id.*** at 524. Accordingly, where an appellant is on parole and his probationary period has yet to begin, a trial court cannot anticipatorily find that an appellant violated the terms and conditions of probation and revoke it. ***Id.*** at 524-25. No statutory authority exists permitting a trial court to anticipatorily revoke, *i.e.* before the sentence of probation has started, an order of probation. ***Id.*** Consequently, for a court to consider whether a defendant violated probation and potentially revoke it, the violation must occur while the defendant is serving his sentence of

probation; there cannot be a violation of probation until a defendant has started his probationary term.

Here, when Early committed the alleged violations, he was on parole because his sentence of incarceration did not max out and probation did not begin until January 16, 2021,

Since Early's violations occurred on August 7, 2020, shortly after he was paroled, his alleged violations could not constitute **probation** violations, and the court could not find that Early violated his probation. As a result, the court could not revoke Early's sentence of probation and impose a new sentence of incarceration. In doing so, we conclude that the trial court erred. We consider Early's remaining issues in the context of his parole revocation.

In the second issue, Early claims that the evidence was insufficient to establish that he violated his parole based on this court's holding in **Koger**. Specifically, Early argues that he did not violate the terms of his parole because the court did not impose any conditions upon him at the time of sentencing. Consequently, according to Early, the Commonwealth failed to establish that he committed technical violations of his parole. Early's Brief at 24.

Early further claims that the evidence failed to establish that he committed new crimes. Specifically, he argues that, without the admission of hearsay evidence, the Commonwealth could not prove that he was not allowed in the doctor's office, the property found in his van came from that office, or that the damage on the office door predated the incident. **Id.** at 24-25.

In reviewing Early's claims, we are mindful of the following. "[T]he purposes of a court's parole-revocation hearing — the revocation court's tasks — are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order." *Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008). "The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion." *Id.* at 291.

In the exercise of that discretion, technical violations such as failure to report or not living at a given address are alone sufficient to support the parole revocation. *See Commonwealth v. Smith*, 534 A.2d 120, 121 (Pa. Super. 1987), *appeal denied*, 542 A.2d 1368 (Pa. 1988). However, in order for a defendant to be found in violation of the conditions of parole, the court is required to attach conditions to a defendant's parole and inform him or her of same. *Koger*, 255 A.3d at 1291. Failure to do so is a violation of the court's statutory mandate. *Id.* at 1290. As such, this responsibility cannot be delegated to a county probation and parole department. Where a trial court does not impose, at the time of sentencing, any specific probation or parole conditions, the court cannot find that a defendant violated a specific condition of probation or parole included in the sentencing order. *Id.* at 1291.

Additionally, the commission of a new crime or conviction of another crime committed while on parole is a sufficient basis for revoking parole.

*Commonwealth v. Foster*, 214 A.3d 1240, 1251 (Pa. 2019); *Kalichak*, 943 A.2d at 290–91 (citing *Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa. Super. 2004)).

Here, the Commonwealth sought revocation of Early's parole based upon technical violations as well as the commission of new crimes. We first consider whether there was sufficient evidence presented for the court to find that Early violated various conditions of his parole. The Commonwealth claimed the following:

> 2. You failed to conduct yourself in a manner that would not create a danger to the community or yourself. To wit: On or About August 7, 2020, in Philadelphia, Pennsylvania, you, along with your fourteen (14) year old son, broke into a doctor's office and stole approximately $120,000 worth of items including, but to limited to, several firearms, ammunition, swords, a HP monitor, one (1) Acer laptop, (1) Centry safe, and one (1) wooden chest. (Violation of Rule #2).

> 3. Failed to not own, use, and/or possess any type of lookalike firearm, lethal weapon explosive, and/or ammunition. To wit, on or about August 7, 2020, in Philadelphia, Pennsylvania, you were found by the Philadelphia Police Department to be in possession of four (4) shot guns, five (5) rifles, three (3) civil war swords, one (1) box of Remington shotgun shells, and a ten (10) round magazine fully loaded with .223 ammunition. (Violation of Rule #9).

> 4. Failed to report to the Montgomery County Adult Probation and Parole Department as directed: To wit: You failed to report within (48) hours of release from custody, as required. Furthermore, you failed to contact this Department on or about July 8 and July 29, 2020, as directed. (Violation of Rule #1).

> 5. Failed to obtain and/or maintain a legal and verifiable residence as directed. (Violation of Rule #3).

> 6. Absconded from supervision on or about July 29, 2020. (Violation of Rule #3).

- 9 -

7. Failed to enter, cooperate and participate in, and/or complete and evaluation, test and/or treatment as directed. To wit: You failed to enroll in and/or complete drug and alcohol and/or mental health inpatient treatment, as recommended by the Probation and Parole Intervention (PPI) Evaluation. (Violation of Rule #7).

At the outset of the revocation hearing, the Commonwealth introduced the rules and regulations of supervision referenced in the notice of violation. N.T., 5/5/21, at 7. Early's parole officer indicated that Early did not report after he was released. He also did not respond to the two letters supervision sent to him. *Id.* at 41.

Additionally, Early's PPI recommended that he receive inpatient treatment. Early claimed that he did outpatient drug and alcohol treatment but did not provide verification thereof. *Id.* Further, Early admitted that, even though the PPI recommended mental health treatment, he did not comply with it. He also admitted that he was not in touch with his parole officer. *Id.* at 29. Because this was Early's third violation and he showed an inability to change, his parole officer asked the court to impose a state sentence.

Based upon this information, the court found that Early violated his parole for failure to report, absconding, and failure to comply with his PPI.[6] *Id.* at 43, 45.

---

[6] The Commonwealth withdrew the failure to provide verifiable address violation. *Id.* at 27, 45.

Upon review of the record, we conclude that the court did not err in finding that Early violated his parole. First, contrary to Early's claim, the court did impose certain conditions of parole with which he was required to comply and informed Early of these requirements. In its April 2, 2020, order which revoked Early's probation and resentenced him, the "Special Conditions of Sentence" specifically required Early to have a PPI evaluation and comply with the recommended treatment.

Also, in its April 3, 2020 order which granted Early's parole, the court indicated that he was released from imprisonment "under supervision of the Montgomery County Adult Probation and Parole Department for the remainder of the maximum sentence . . . ." To carry out that supervision, the county probation and parole department imposed certain rules and regulation. In particular, Early was required to report in and make himself available to supervision. We have held that "conditions of supervision that are germane to, elaborate on or interpret any conditions of probation [or parole] that are imposed by the trial court[]" are permissible. **Commonwealth v. Elliott**, 50 A.3d 1284, 1292 (Pa. 2012).

Further, as set forth above, the evidence presented at the revocation hearing demonstrated that Early did not comply with these conditions. Thus, contrary to Early's claim, there was sufficient evidence for the court to find Early in technical violation of his parole.

We next consider the Commonwealth's claim that Early violated his parole based upon the commission of multiple, new crimes. The Commonwealth claimed as follows:

1. Arrested on or about August 7, 2020 by the Philadelphia Police Department for conduct of the following nature: Possession of a Firearm Prohibited, Burglary – Not Adapted for Overnight Accommodation No Person Present, Theft by Unlawful Taking – Movable Property, Receiving Stolen Property, Criminal Trespass – Breaking into Structure, Conspiracy, Firearms Not to be Carried Without a License, Corruption of Minors, Carrying Firearms on Public Streets and Criminal Mischief. On or about August 7, 2020.  (Violation of Rule #2).

The court found that the Commonwealth presented sufficient evidence at the revocation hearing to show that Early committed new crimes in violation of his parole.  Trial Court Opinion, 7/26/21, at 5-7.

Preliminarily, we observe that the sole basis upon which Early challenges the sufficiency of the evidence to establish that he committed a new crime is that the court improperly allowed the Commonwealth to present hearsay evidence.  According to Early, without the hearsay, no evidence was presented to indicate that the items found in Early's van came from the doctor's office, that he was not permitted in the doctor's office, or that damage to the office door did not predate the incident.  Early's Brief at 24-25.

When conducting a sufficiency review, we consider all the evidence actually admitted, **even improperly admitted** evidence.  **Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc* ) (emphasis added).

We do not review a diminished record. *Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011). As such, Early's contention is without merit.[7]

Based on the foregoing, we conclude that the court neither erred in finding that Early violated his parole nor abused its discretion in revoking his parole.

In the third issue, Early claims that the court improperly admitted the property owner's statements through Officer Rajkowski to establish that Early was not permitted to enter the doctor's office, that the items came from the doctor's office, or that the property was damaged that night, and therefore that he committed certain crimes. Early maintains that these statements constituted hearsay and violated his Sixth Amendment right to confrontation. Furthermore, because this was the only evidence to support the Commonwealth's claims, the admission of these statements was not harmless error. Early's Brief at 16-17.

Our standard of review of a trial court's evidentiary rulings, which include rulings on the admission of hearsay, is abuse of discretion. *Commonwealth v. Walter*, 93 A.3d 442, 449 (Pa. 2014). However, whether a defendant has been denied his right to confront a witness under the Confrontation Clause of the Sixth Amendment to the United States Constitution is a question of law, for which our standard of review is *de novo*

_____

[7] Because Early asserted no other argument regarding the sufficiency of the evidence to establish that he violated his parole by committing new crimes, Early has waived them.

and our scope of review is plenary. *Commonwealth v. Yohe*, 79 A.3d 520, 530–31 (Pa. 2013).

Hearsay is "a statement . . . the declarant does not make while testifying at the current trial or hearing . . . [that is offered] in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c)(1)-(2). Statements that meet this definition are not admissible unless a hearsay exception applies. Pa.R.E. 802. Under Pennsylvania law, "hearsay is not admissible at a *Gagnon II* hearing absent a finding of good cause for not allowing confrontation." *Commonwealth v. Allshouse*, 969 A.2d 1236, 1241 (Pa. Super. 2009). Notwithstanding this, "an out-of-court statement is not hearsay when it has a purpose other than to convince the fact finder of the truth of the statement." *Commonwealth v. Busanet*, 54 A.3d 35, 68 (Pa. 2012).

At the revocation hearing, Early objected to Officer Rajkowski's testimony regarding the property owner's statements. The court overruled the objection and specifically explained on the record that it was not accepting the statements as out of court declarations for the truth of the matter asserted. Instead, the court indicated that it was only allowing them for the purpose of eliciting what the officer did in response to learning this information. N.T., 5/5/21, at 18. The trial court further explained that there was sufficient circumstantial evidence from which it could conclude that Early was not allowed on the property. Trial Court Opinion, 7/26/21, at 4.

Given this explanation, the property owner's statements were not hearsay as the court did consider them for the truth of the matter asserted.

- 14 -

Consequently, Early's right to confront the property owner was not violated. We therefore conclude that the court did not abuse its discretion or commit an error of law by allowing this testimony into evidence.

In the fourth issue, Early claims that the court imposed an illegal sentence. Specifically, he argues that because the Commonwealth failed to establish that he violated his parole, the court could not revoke his parole and resentence him. In support of his position, he relies on **Koger** to claim his sentence was illegal. Early's Brief at 20, 21.

Indisputably, the Commonwealth must establish that there was a violation of parole before it can be revoked. However, as discussed above, there was sufficient evidence to establish that Early violated his parole. Therefore, his claim is meritless.

Nonetheless, we observe that the court imposed a new sentence of 12 to 24 months' incarceration. This was an illegal sentence.[8] Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. **Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. **Id.** Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the remainder of the original

_____

[8] Challenges to an illegal sentence can never be waived and may be raised *sua sponte* by an appellate court. **Simmons**, 262 A.3d at 516.

- 15 -

sentence it already imposed. *Id.* At some point thereafter, the defendant may again be paroled. *Id.*

Insofar as the trial court revoked Early's parole and imposed a new sentence, that new sentence was illegal. Accordingly, we must remand for resentencing.

In sum, we conclude that the court erred in finding that Early violated his probation since he had not started serving his sentence of probation. We, therefore, must vacate Early's judgment of sentence for violation of probation; the court must reinstate his probation sentence as ordered on April 2, 2020.

Additionally, the court did not err in finding that Early violated his parole and revoking it. However, the court impermissibly imposed a new sentence. Accordingly, we vacate Early's sentence and remand with instructions to resentence Early to the balance of his April 2, 2020, sentence of incarceration.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2022

- 16 -