J-A10025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL JAMES MATHEWS | : | |
| | : | |
| Appellant | : | No. 1356 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 23, 2021,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0000093-2021.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 11, 2022**

Carl James Mathews appeals from the judgment of sentence entered following revocation of his probation. Upon review, we affirm.

On January 13, 2021, Mathews was arrested for DUI and related offenses. Subsequently, Mathews pled guilty to DUI-Schedule I controlled substance;[1] all other charges were *nolle prossed*. On April 22, 2021, pursuant to his agreement with the Commonwealth, the trial court sentenced Mathews to 6 months' restrictive probation, with the first 90 days to be served in the Franklin County Jail, and the remainder served as standard probation. His sentence took effect that same day.[2]

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] Mathews received credit for time served from January 14, 2021, to the date of sentence.

On June 4, 2021, the probation department served Mathews with a notice of probation violation indicating that he failed to report to the probation department as instructed. At the violation hearing on September 23, 2021, the trial court found that Mathews violated his probation for failure to report, revoked his probation, and sentenced him to 3 to 6 months' incarceration.

Matthews filed this timely appeal. Matthews and the court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Matthews raises a single issue for our consideration:

Whether the trial court abused its discretion [pursuant to **Commonwealth v. Koger**, 255 A.3d 1285 (Pa. Super. 2021), *appeal granted*, 2022 WL 1014268 (Pa. April 5, 2022)] when it found [Mathews] in violation of his probation based solely upon his failure to report [to the probation department] as instructed, when reporting to the probation department was not made a condition of his sentence at the time of initial sentencing.

**See** Matthews' Brief at 6.

When considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." **Commonwealth v. Perreault**, 930 A.2d 553, 557 (Pa. Super. 2007), *appeal denied,* 945 A.2d 169 (2008) (citation omitted); 42 Pa.C.S.A. § 9771(b). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision

will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. 1996).

In the exercise of that discretion, technical violations such as failure to report or not living at a given address are alone sufficient to support the parole revocation. *See Commonwealth v. Smith*, 534 A.2d 120, 121 (Pa. Super. 1987), *appeal denied*, 542 A.2d 1368 (Pa. 1988). However, in order for a defendant to be found in violation of the conditions of parole, the court is required to attach conditions to a defendant's parole and inform him or her of those conditions. *Koger*, 255 A.3d at 1291. Failure to do so is a violation of the court's statutory mandate. *Id.* at 1290. As such, this responsibility cannot be delegated to a county probation and parole department. Where a trial court does not impose, at the time of sentencing, any specific probation or parole conditions, the court cannot find that a defendant violated a specific condition of probation or parole included in the sentencing order. *Id.* at 1291.

Mathews claims that the trial court abused its discretion in finding that he violated his probation sentence on the basis that he failed to report to the Franklin County probation department when required. Specifically, he argues that this was error because the trial court never informed him that he was required to report as a condition of his probation at the time of sentencing. Consequently, Mathews maintains that, under *Koger*, the court could not find that he violated his probation and revoke it.

Upon review of the record, we conclude that, contrary to Mathews' claim, the court did not err in finding that Mathews violated his probation and

in revoking it. The trial court imposed certain conditions of probation with which Mathews was required to comply and informed him of these requirements by way of its sentencing order.

First, in its April 22, 2021 sentencing order, the court specified that after his incarceration, Mathews was to serve the remainder of his sentence "on standard probation supervision." For this, it imposed the Act 35 supervision fee. Additionally, the "Special Conditions of Sentence" required Mathews to participate in "[a]ny program prison/probation officials deem necessary." Furthermore, the court prohibited Mathews from using or possession alcohol or controlled substances and was to be tested.

Based on its order, it is evident that the trial court directed the Franklin County probation department to supervise Mathews. To carry out that supervision and the court's directives, the probation staff required Mathews to report to the probation department. We have held that "conditions of supervision that are germane to, elaborate on or interpret any conditions of probation [or parole] that are imposed by the trial court[]" are permissible. *Commonwealth v. Elliott*, 50 A.3d 1284, 1292 (Pa. 2012).

Here, an officer of the department informed Matthews that he was required to report and when. Additionally, Mathews was provided with, and signed a copy of the standard terms and conditions for probation which included reporting. N.T., 11/2/21, at 5-6. Although this was done by the probation department staff and not the trial court itself, it is permissible under *Elliott*, as it is in furtherance of the court's conditions. The trial court astutely

noted, and we agree, "[w]e are unsure how [Mathews] could have been effectively supervised during his term of probation if he was not required to regularly check in with his supervising officer." Trial Court Opinion, 11/16/21, at 16.

Thus, contrary to Mathews' claim, we conclude that the court did not abuse its discretion when it found Mathews in violation of his probation after Mathews failed to report to the probations department as directed.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/11/2022